# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

AVONTE CAMPINHA-BACOTE,

    Plaintiff,

vs.

BAHGAT & BAHGAT, LLC, *et al.*,

    Defendants.

Case No. 2:17-cv-388
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the parties' responses to the November 8, 2017 Order to Show Cause regarding the existence of subject matter jurisdiction. For the reasons that follow, the Court *sua sponte* **REMANDS** this action to the Franklin County Court of Common Pleas.

## I.

On November 8, 2017, the Court *sua sponte* issued an Order to directing the parties to show cause why this action should not be remanded to the Franklin County Court of Common Pleas for lack of subject matter jurisdiction. (ECF No. 44.) The Court noted the background of the case as follows:

> This action was originally filed in the Court of Common Pleas for Franklin County, Ohio, on March 29, 2017, and was removed to this Court on May 5, 2017, on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (ECF No. 1.) Defendants specifically stated that "Plaintiffs have brought claims under the laws of the United States which state claims which fall within the scope of the Fair Labor Standards Act [("FLSA")], 29 U.S.C. § 201, *et seq.*" (*Id.* at ¶ 3.) Plaintiff has not challenged Defendants' removal of the action to this Court.
>
> Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Plaintiff purportedly asserts claims under the FLSA, which provides a private cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" for violations of FLSA's wage and hours provisions. 29 U.S.C. § 216(b). In the context of the FLSA, one court in this circuit has explained the detail necessary under Rule 8(a) for an overtime claim:

> Accordingly, to determine whether the plaintiffs have provided a short and plain statement of their FLSA claim that enables [the defendant] to prepare a response, the court examines whether the Second Amended Complaint contains factual allegations of the *prima facie* elements of the FLSA claim—*i.e.*, that the plaintiff was employed by the defendant, that the defendant was an enterprise engaged in interstate commerce, and that the defendant failed to pay overtime compensation to the plaintiff for each hour worked in excess of forty hours per week. The Second Amended Complaint meets this bar—it includes allegations that (1) the plaintiffs were employed by CCA (Docket No. 44 at ¶¶ 6–22), (2) the plaintiffs were engaged in work (across the CCA Positions) within coverage of the FLSA (*id.* at ¶¶ 6–32, 37–40), (3) the plaintiffs were scheduled to work forty hours per week, regularly worked in excess of forty hours per week, and were not paid overtime as required by law (*id.* 44 at ¶¶ 6–42), (4) these events occurred in time frames relevant to an action under the FLSA (*id.* at ¶¶ 6–22). . . . This is sufficient—it is not a mere parroting of the statutory language, and it is more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. At this stage, the plaintiffs are not required to allege specific weeks in which they were denied overtime, the amount of compensation they seek, or provide other information that is, more than likely, in the hands of [the defendant].

*Roberts v. Corr. Corp. of Am.*, No. 3:14–CV–2009, 2015 WL 3905088, at *8 (M.D. Tenn. June 25, 2015) ("The Second Amended Complaint also includes

> additional details, such as salary, positions held, and details concerning classification of positions as exempt by [the defendant]. (*See* Docket No. 44 at ¶¶ 6–22, 37–40.)"); *see also Comer v. Directv, LLC*, 2016 WL 853027, at *9 (S.D. Ohio Mar. 4, 2016) (stating that the United States Court of Appeals for the Sixth Circuit has not weighed in on how to apply post-*Twombly* and *Iqbal* standard to FLSA claims, but noting that "courts in the Sixth Circuit have rejected attempts to tighten the post-*Twombly*/*Iqbal* pleading standard under the FLSA"); *Mabry v. Directv, LLC*, No. 3:14CV-00698, 2015 WL 5554023, at *4 (W.D. Ky. Sept. 21, 2015) (stating that district courts in this circuit "have generally found that factual allegations that a plaintiff was employed by the defendant, worked regularly and repeatedly in excess of a forty hour week, and failed to receive overtime compensation for each hour worked in excess of forty hours per week was sufficient" to state a claim for relief under Rule 8).
>
> In this case, Plaintiff alleges that, at all times while working for Defendant Bahgat & Bahgat, LLC ("Bahgat & Bahgat"), he was an "employee" and Bahgat & Bahgat was an "employer" within the meaning of the FLSA. (Complaint, ¶¶ 3–4, ECF No. 2 ("Compl.").) Plaintiff also alleges that Bahgat & Bahgat "has performed services that have had an effect on interstate commerce" (*id.* at ¶ 5) and that Plaintiff's claim "also arise[es] under the Fair Labor Standards Act[.]" (*Id.* at ¶ 8.) Plaintiff further alleges that he "has worked for several months without being properly compensated and may be entitled to additional wages under the Act." (*Id.* at ¶ 21.) Plaintiff seeks, *inter alia*, judgment for willful violations of the FLSA. (*Id.* at Prayer for Relief.)

(Nov. 8, 2017 Order to Show Cause (ECF No. 44) at pp. 2-4.)

The Court then alerted the parties that it could not discern what, if any, claim under the FLSA Plaintiff asserts and that Plaintiff had failed to plead any facts supporting a FLSA claim, which was the sole basis for removal to this Court. (ECF No. 1.) Because the record raised concerns as to whether removal of this action was proper, the Court ordered the parties to place their positions on the matter on the record.

In response, Plaintiff indicated that he agreed that the case should be remanded. He confirmed that he had not asserted any federal claims in his complaint. Plaintiff represented that any references to federal law or the FLSA in his Complaint were made in error. (ECF No. 45.)

Defendants respond and indicate that, "[o]n its face, plaintiff's complaint purports to state a claim under the [FLSA], and accordingly, federal court subject matter jurisdiction is

technically available." (Defs' Response (ECF No. 47), at p.2.) Defendants also request, in the interest of judicial economy, that the Court resolve their pending Motion to Dismiss instead of remanding the case. (*Id.*)

**II.**

The Court must, at all stages of this litigation, ensure that it has jurisdiction over the subject matter of the case:

> Subject-matter jurisdiction can never be waived or forfeited. Courts are obligated to consider *sua sponte* subject matter jurisdictional issues that the parties have disclaimed or have not presented. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). The objections to subject matter jurisdiction may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety. Failure to raise lack of subject-matter jurisdiction in a timely manner means that "many months of work on the part of the attorneys and the court may be wasted." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Thus, it is imperative that the issue be raised and determined conclusively at the earliest possible juncture.

*Lightle v. Fanatics Retail Fulfillment Grp., Inc.*, Case No. 2:16-cv-151, ECF No. 22 at 3 (S.D. Ohio July 15, 2016).

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted).

**III.**

The Court concludes that it does not have subject matter jurisdiction in this case. Inasmuch as Plaintiff confirms that he never intended to assert any federal claims and only

inadvertently failed to challenge Defendants' removal, the Court cannot exercise jurisdiction over non-diverse parties alleging only state-law claims. Defendants incorrectly assert that federal jurisdiction is "technically" available because the Complaint mentions the FLSA. It is not. "Federal courts are courts of limited jurisdiction," and the Court must zealously guard against exercising authority in a case over which it does not have subject-matter jurisdiction. *Rasul*, 542 U.S. at 489.

Defendants' request that the Court rule on their pending Motion to Dismiss misses the point. Given that the Court has no subject-matter jurisdiction, it cannot entertain the pending motions in this case, even if doing so would be in the interests of judicial economy.

**IV.**

For the foregoing reasons, the Court *sua sponte* **REMANDS** this case to the Franklin County Court of Common Pleas. The Clerk is **ORDERED** to effectuate the remand as soon as practicable.

**IT IS SO ORDERED.**

/s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 16, 2018**